FRED SCHUR ET AL *v.* SUSAN M. SCHUR.

**Fraudulent Conveyance—Court of Equity Will Not Aid.**

Property conveyed or transferred by a mutual arrangement of parties, for the purpose of defrauding the creditors of the real owner, cannot be recovered, by the aid of a court of equity, from either party by the other.

**Descent and Distribution—Legatee's Suit for Recovery of Property Fraudulently Transferred.**

A distributee, suing for the recovery of property transferred by the deceased under a fraudulent agreement with the defendant, cannot occupy a more favorable position in respect to the fraudulent transaction, than the deceased himself.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 26, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

Whether or not the chancellor erred in sustaining the demurrer of the plaintiff to the defendant's answer is the only question to be determined on this appeal.

The answer alleges in substance that the property for which, or its proceeds, the action was brought, was conveyed by the defendant and his wife by deed to John Schur with the fraudulent purpose and intent to cheat and delay the creditors of the defendants, and that John Schur acquiesced therein, and participated in the fraud, and that although the deed was recorded, it was without consideration, and John Schur never acquired the possession of any of the property which remained, as it was before, in the possession of the defendant.

The principle is too well settled to require argument or the citation of authority, that where, as it alleged by the answer in this case, property is conveyed or transferred by mutual arrangement of the parties, for the purpose of defrauding the creditors of the real owner, a court of equity will not lend its aid to enable either party to recover from the other the property or its proceeds, but will leave them to abide the consequences of their own fraud on the rights of others.

As the chancellor would not have relieved the appellant if he had parted with the possession of the property under the fraudulent arrangement, neither should the court have aided John Schur to recover the possession of the property or its proceeds, if the facts were as alleged in the answer and admitted by the demurrer; and we do not perceive how the appellee, suing as a distributee of John Schur, can occupy a more favorable attitude, than he did himself, in respect to the consequences of his participation in the fraudulent transaction on which the plaintiffs claim was founded.

It seems to this court, therefore, that the court erred in sustaining the demurrer to the answer of the defendants, and in rendering the judgment against them.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Coke & Arbegast, for appellants.*

*Bullitt, for appellee.*